UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ABENAMAR ZAPATA PONCE,<br><br>      Petitioner,<br><br> v.<br><br>JEFFREY UTTECHT,<br><br>      Respondent. | Case No. C20-6261-JLR-MLP<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION

This is a federal habeas action brought under 28 U.S.C. § 2254. On February 22, 2021, Petitioner Abenamar Zapata Ponce ("Petitioner"), proceeding *pro se*, filed a proposed habeas petition seeking to challenge a 2008 judgment and sentence from the Clark County Superior Court. (Pet. (Dkt. # 7).) Petitioner additionally submitted a "Motion for Vicarious Exhaustion of State Remedies" (dkt. # 8) and a "Motion to Compel for Information (Show Cause)" (dkt. # 9) with his habeas petition. Both the petition and motions have not been served on Respondent.

Following a careful review of Petitioner's habeas petition, the Court concludes Petitioner's habeas petition (dkt. # 7) should be DISMISSED with prejudice and that a certificate of appealability be DENIED as to all claims. Consequently, the Court recommends Petitioner's

REPORT AND RECOMMENDATION - 1

1  "Motion for Vicarious Exhaustion of State Remedies" (dkt. # 8) and "Motion to Compel for
2  Information (Show Cause)" (dkt. # 9) be DENIED as moot.

## II. BACKGROUND

On December 30, 2020, Petitioner, an inmate at the Coyote Ridge Corrections Center, submitted a proposed 28 U.S.C. § 2254 habeas petition along with a "Motion for Vicarious Exhaustion of State Remedies" and a "Motion to Compel for Information (Show Cause)" (Dkt. # 1.) On January 5, 2021, the Clerk of Court sent Petitioner a letter advising him his submission was deficient due to the filing fee requirement and that he was required to pay the required filing fee of $5.00 or submit a corrected *in forma pauperis* ("IFP") application. (Dkt. # 2.)

On January 21, 2021, Petitioner filed a corrected IFP application and resubmitted his petition and motions. (Dkt. # 3.) On January 22, 2021, the Clerk of Court sent Petitioner another letter advising him that his IFP application submission was deficient because he had failed to sign it. (Dkt. # 4.) On January 27, 2021, Petitioner corrected the signature deficiency and submitted his petition and motions. (Dkt. # 5.) On February 1, 2021, this Court submitted a Report and Recommendation recommending Petitioner's IFP application be denied because he was capable of paying the $5.00 filing fee. (R. & R. (Dkt. # 6) at 2.) On February 22, 2021, Petitioner submitted the $5.00 filing fee and resubmitted his petition and motions.

In his petition, Petitioner identifies that after the conclusion of a bench trial, he was sentenced to 480 months by the Clark County Superior Court for one count of child molestation and four counts of indecent exposure on June 27, 2008. (Pet. at 1.) Petitioner notes he then filed a direct appeal to the Washington Court of Appeals ("Court of Appeals") raising grounds that: (1) the district court erred in determining he used a "position of trust"; (2) the district court erred in imposing an exceptional sentence; (3) the district court erred in imposing probation without the

REPORT AND RECOMMENDATION - 2

1  suspension of jail time; and (4) the district court erred by exceeding its statutory authority. (*Id.* at

2  2.) Petitioner indicates that on May 26, 2011, the Court of Appeals denied his direct appeal. (*Id.*)

3  Petitioner notes he later filed a personal restraint petition ("PRP") with the Washington Supreme

4  Court, which was denied on December 7, 2015, but did not identify any of the grounds raised in

5  his PRP in his habeas petition submission. (*Id.* at 3.)

6        Based on the Court's investigation of the Washington state court appellate dockets,

7  Petitioner's habeas petition failed to include a complete or accurate record of his state collateral

8  review. It appears Plaintiff filed a direct appeal of his conviction to the Court of Appeals in 2008,

9  which the Court of Appeals affirmed in an unpublished opinion on June 2, 2009. *See State v.*

10 *Ponce*, 150 Wash.App. 1032 (Wash. App. Div. 2 2009). On February 9, 2010, the Washington

11 Supreme Court declined to exercise discretionary review on Petitioner's direct appeal. *See State*

12 *v. Ponce*, 168 Wash.2d 1002 (Wash. 2010).

13       On January 21, 2011, Petitioner filed a first PRP with the Court of Appeals, which was

14 denied on May 26, 2011. *See* Personal Restraint Petition, *Matter of Ponce*, Court of Appeals

15 Cause No. 41708-1-I. The Washington Supreme Court declined to exercise discretionary review

16 on January 17, 2012. *See Matter of Ponce*, Washington Supreme Court Case No. 863156. The

17 Court of Appeals issued a certificate of finality on Petitioner's first PRP on May 23, 2012. *See*

18 Certificate of Finality, *Matter of Ponce*, Court of Appeals Cause No. 41708-1-I.

19       On October 3, 2014, it appears from a review of the appellate state court dockets that

20 Petitioner simultaneously filed multiple PRPs with the Court of Appeals and the Washington

21 Supreme Court. *See Matter of Ponce*, Court of Appeals Cause No. 46996-1-I; *Matter of Ponce*,

22 Washington Supreme Court Case No. 909920; *Matter of Ponce*, Washington Supreme Court

23 Case No. 919003. On November 10, 2014, the Washington Supreme Court declined to exercise

REPORT AND RECOMMENDATION - 3

review on Petitioner's PRPs. *See Matter of Ponce*, Washington Supreme Court Case No. 909920. The Court of Appeals issued an order terminating its review of Petitioner's PRPs on July 10, 2015. *See* Order Terminating Review, *Matter of Ponce*, Court of Appeals Cause No. 46996-1-I. On March 15, 2016, a certificate of finality was issued. *See Matter of Ponce*, Washington Supreme Court Case No. 919003. This matter is now ripe for review.

## III.    DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule 4") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

As further explained below, it is clear from the face of the petition that Petitioner has failed to exhaust his state court remedies and that his petition is time-barred pursuant to 28 U.S.C. § 2244(d).

### A.    Failure to Exhaust State Remedies

In his petition, Petitioner indicates four grounds for federal habeas relief by reference to an attached document that includes various general and form-style language. (*See* Pet. at 5, 7-8, 10.) Petitioner's First Ground argues that "Washington State failed to convene a 'grand jury' to assess the existence of valid forensic evidence" and that the routine judicial practices of Washington rarely convene grand juries as required by the U.S. Constitution. (*Id.* at 5.) Petitioner's Grounds Two, Three, and Four do not specifically assert any identifiable grounds or claims related to his underlying conviction and solely refer to the form-style language included in his attached document. (*See id.* at 7-8, 10.) However, in each ground raised, Petitioner's

1 petition and its attached references identifies that he did not raise any grounds identified in his

2 petition in a state postconviction motion or habeas petition because he believes the State of

3 Washington lacks jurisdictional authority to decide the constitutional issues raised in his petition.

4 (*See id*. at 5-12, 17-19.)

5       Petitioner additionally submitted a "Motion for Vicarious Exhaustion of State Remedies."

6 (Dkt. # 8.) Petitioner's motion argues the "Vicarious Exhaustion of Remedies Rule (1987)"

7 provides that "if one member of a class [action] (1) satisfies a requirement to exhaust

8 administrative remedies, that is enough for all others similarly to be considered as having

9 exhausted the remedies." (*Id.* at 2.) As further support for his argument, Petitioner argues that

10 because the Court in *Fischer v. State of Washington*, C20-51-TSZ (W.D. Wash. 2020) found the

11 petitioner in that case exhausted his state court remedies, Petitioner should be vicariously found

12 to have exhausted his state court remedies in this matter. (*Id.*)

13       The governing statute makes clear that a state prisoner is required to exhaust all state

14 court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The

15 exhaustion requirement is a matter of comity, intended to afford the state courts "an initial

16 opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v.*

17 *Connor*, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). In order to

18 provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner

19 must "fairly present" his claims to each appropriate state court for review, including a state

20 supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

21 (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838,

22 845 (1999)). In *Picard*, the Supreme Court noted in relevant part:

23     [I]t is not sufficient merely that the federal habeas applicant has been through the
    state courts. The [exhaustion] rule would serve no purpose if it could be satisfied

REPORT AND RECOMMENDATION - 5

> by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. *Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts*.

*Picard*, 404 U.S. at 275-76 (emphasis added).

Here, Petitioner has not properly exhausted his claims for relief in the state courts. Based on the materials cited in his petition, Petitioner has not fairly presented to the state courts the precise claims asserted in his federal habeas petition for the state court's consideration. *See Picard*, 404 U.S. at 275-76. Petitioner also fails to cite any authority which would support application of the vicarious exhaustion rule in the context of a federal habeas action brought under § 2254.

In addition, this Court continues to disagree with the conclusion in *Fischer* that the petitioner in that case properly exhausted his state court remedies. In *Fischer*, the Honorable Thomas S. Zilly rejected the Magistrate Judge's conclusion that the petitioner failed to exhaust his state court remedies due to the fact Mr. Fischer filed a petition for discretionary review in the Washington Supreme Court on direct appeal and two personal restraint petitions in the Washington Court of Appeals. *Fischer v. Washington*, 2020 WL 916189, at *1 (W.D. Wash. Feb. 26, 2020), *certificate of appealability denied*, 2020 WL 3286739 (9th Cir. May 15, 2020). However, in *Fischer*, Mr. Fischer represented to the Court in his habeas petition that although he had filed a direct appeal of his judgment and two personal restraint petitions, he had not presented to the state courts the four constitutional grounds asserted in his petition because he believed the State of Washington lacked jurisdictional authority to decide those constitutional issues. (*See Fischer*, Case No. C20-51-TSZ (Dkt. # 3) at 5-12.) This does not constitute proper

REPORT AND RECOMMENDATION - 6

exhaustion under *Picard*, and therefore, Petitioner here cannot rely on the conclusion in *Fischer* to obtain review of his federal habeas claims.[1]

Finally, Petitioner filed a "Motion to Compel for Information (Show Cause)" with his petition. (Dkt. # 9.) Petitioner's motion requests that Respondent produce evidence relevant to Petitioner's substantive claims and appears to elaborate on his argument that he should not be required to exhaust his state court remedies by reference to an attached portion of the decision in *Fischer*. Nevertheless, Petitioner's argument does not change the Court's conclusion that 28 U.S.C. § 2254(b)(1) requires him to exhaust the exact claims asserted in his federal habeas petition in the state courts before he can pursue a federal habeas action. Therefore, Petitioner has failed to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b)(1).

**B.    28 U.S.C. 2244(d)**

A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year limitations period in § 2254 habeas actions starts to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Judge Zilly ultimately dismissed Mr. Fischer's petition with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d). *See Fischer*, 2020 WL 916189 at *1.

REPORT AND RECOMMENDATION - 7

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review with respect to the claim is pending is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

Here, even if the Court were able to conclude that Petitioner exhausted his state court remedies, Petitioner's petition is time-barred under 28 U.S.C. § 2244(d). The last filing the Court can discern addressing Petitioner's judgment and sentence on state collateral review occurred when a certificate of finality was issued addressing one of Petitioner's PRPs on March 15, 2016. *See Matter of Ponce*, Washington Supreme Court Case No. 919003. Although the one-year period of limitation may be tolled in certain circumstances, the allegations in Petitioner's petition do not suggest that any exception applies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005) (statute of limitations tolled for properly filed collateral state challenge to the pertinent judgment or claim); *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (equitable tolling of statute of limitations available where petitioner shows: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented timely filing); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (statute of limitations equitably tolled where petitioner establishes that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995))). Petitioner did not file his federal habeas petition in this matter until February 23, 2021. As such, even upon a charitable review of when Petitioner's state collateral proceedings concluded for purposes of properly filing a federal habeas petition, Petitioner's petition was filed well after the one-year-limitations period provided by § 2244(d) expired.

Accordingly, Petitioner has failed to exhaust his state remedies pursuant to 28 U.S.C. § 2254(b)(1) and Petitioner's federal habeas petition is barred by the one-year limitations period

applicable to § 2254 petitions. Because it does not appear the deficiencies can be cured, the Court recommends that Petitioner's habeas petition and this action be dismissed with prejudice. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted).

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, the Court concludes that Petitioner is not entitled to a certificate of appealability in this matter, and therefore, recommends that a certificate of appealability be denied.

## CONCLUSION

The Court recommends Petitioner's habeas petition (dkt. # 7) should be DISMISSED with prejudice. The Court additionally recommends that Petitioner's "Motion for Vicarious Exhaustion of State Remedies" (dkt. # 8) and "Motion to Compel for Information (Show Cause)" (dkt. # 9) be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 19, 2021.**

The Clerk is directed to send copies of this Report and Recommendation to Petitioner and to the Honorable James L. Robart.

Dated this 24th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10